UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM E. BAKER, JR.,

v.  Case No. 8:03-cr-356-T-24MSS
      8:06-cv-1553-T-24MSS

UNITED STATES OF AMERICA.

O R D E R

This cause is before the Court on Defendant William Baker, Jr.'s motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255 (Doc cv-1; cr-207). A review of the record in this case demonstrates that, for the following reasons, Baker's motion to vacate must be **DENIED**.

BACKGROUND

On August 27, 2003, a federal grant jury indicted Baker for one count of attempted income tax evasion in violation of 26 U.S.C. § 7201. (Doc. cr-1) Baker represented himself, with court-appointed stand-by counsel at jury trial. On January 21, 2004, a jury found Baker guilty of willfully attempting to evade or defeat a tax in violation of 26 U.S.C.

§ 7201. (Doc. cr-148)  On February 6, 2004, Baker filed a Notice of Appeal. (Doc. cr-156).[1]

On April 27, 2004, the Court sentenced Baker to twenty-seven months incarceration. Judgment was entered that same day. (Doc. cr-172; 173).

Baker's Notice of Appeal became effective after Baker was sentenced and judgment was entered. (See footnote one above).  On June 8, 2005, the United States Court of Appeals affirmed the conviction and sentence:

> William Baker, Jr., appeals pro se his conviction for one count of attempted tax evasion, in violation of 26 U.S.C. § 7201.  On appeal, Baker argues that the district court should have dismissed the case against him because the government failed to set forth any provision of law by which the district court had jurisdiction.  He also asserts that Congress's authority did not extend to the territorial limits of the states, and the State of Florida had not assented to federal jurisdiction over its territory.  He further argues that, as a domiciliary of florida, the government did not have personal jurisdiction over him, and he had not committed an act within one of the defined "states" over which the federal government has jurisdiction. Baker also contends that (1) the Fourteenth Amendment never properly was ratified, (2) the government failed to establish a "nexus" demonstrating that the taxes in question applied to him, and (3) there is a six-year statute of limitations for criminal prosecutions involving income tax laws.
>
> Questions of a district court's subject matter jurisdiction are questions of law subject to plenary review by this Court. United States v. Maduno, 40 F.3d 1212, 1215 (11th Cir. 1994).  Federal district courts have exclusive jurisdiction over "all offenses against the laws of the United States."  18 U.S.C. § 3231.  The Sixteenth Amendment to the U.S. Constitution provides, in part, that "Congress shall have power to lay and collect taxes on incomes, from whatever source derived."  U.S. Constit. amend. XVI.  Under this authority, Congress enacted § 7201, which imposes criminal penalties against any individual who willfully attempts to evade or defeat any federal tax. 26 U.S.C. § 7201.
>
> In Cheek v. United States, 498 U.S. 192, 195, 111 S.Ct. 604, 607, 112 L. Ed. 2d 617 (1991), the Supreme Court acknowledged that arguments that

---

[1] The Notice of Appeal was docketed as an interlocutory appeal in this Court. (See Doc. cr-156).  The Court takes judicial notice of the docket sheet of the Court of Appeals for the Eleventh Circuit which shows that the Notice of Appeal was held pending the sentencing and judgment, at which time the Notice of Appeal became effective.

2

federal income tax laws do not apply to individuals because "they were not tax payers within the meaning of the tax laws, that wages are not income, that the Sixteenth Amendment does not authorize the imposition of an income tax on individuals, and that the Sixteenth Amendment is unenforceable" repeatedly have been rejected by federal courts as frivolous. Because Baker's arguments repeatedly have been found to lack merit we deem them frivolous and affirm Baker's conviction.

Baker next argues that the government engaged in prosecutorial misconduct by threatening to indict his wife unless the case proceeded quickly. He also contends that the district court judge was not impartial because she (1) refused to investigate his claims of prosecutorial misconduct, and (2) proceeded to trial with the knowledge that she was a party to a lawsuit in state court, in which Baker was seeking declaratory judgment against her. Baker also argues that the district court and the government privately agreed to "settle and close" the case against him.

Generally, determinations of prosecutorial misconduct involve mixed questions of law and fact, which we review de novo. United States v. Noriega, 117 F.3d 1206, 1218 (11th Cir. 1997). We review for an abuse of discretion a district court judge's decision whether to recuse herself. Thomas v. Tenneco Packaging Co., Inc., 293 F.3d 1306, 1319-20 (11th Cir. 2002).

We have stated that we "find [ ] no impropriety in the government's warnings that members of [a defendant's] family could be indicted." United States v. Horton, 646 F.2d 181, 187 (5th Cir. Unit A. May 1981).[n1] The Due Process Clause requires " 'a fair trial in a fair tribunal' before a judge with no actual bias against the defendant or interest in the outcome of his particular case." Bracy v. Gramley, 520 U.S. 899, 904-5, 117 S. Ct. 1793, 1797, 138 L.Ed. 2d 97 (1997)(citations omitted).

Because Baker presented no evidence of prosecutorial misconduct or judicial impartiality, we affirm his conviction.

**AFFIRMED**.[n2]

[n1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[n2] Baker's request for oral argument is denied.

(Doc. cr-201). United States v. Baker, 2005 WL 1349867 (11th Cir. June 8, 2005).

3

**The Present 28 U.S.C. § 2255 Motion To Vacate**

Baker timely filed the present motion to vacate raising the following grounds:

(1) Baker was denied the constitutional right to confront government witnesses during his trial. Baker alleges that the government impermissibly limited the scope of cross examination by threatening to indict his wife if he confronted certain witnesses.

(2) Baker was deprived of the right to present exculpatory evidence. Baker alleges that he could not present exculpatory evidence because of the governmental threat to indict his wife if he presented the exculpatory evidence.

(3) Baker was prevented from presenting favorable closing arguments. Baker alleges that he was required to confine his argument to the facts of the case and not to argue points of law.

(4) Baker was denied the right to challenge jury instructions. Baker claims that the government's threats deprived him of safeguards afforded by rule 32 [sic], and thus, Baker was deprived of his constitutional rights to due process and effective assistance of counsel.

(5) Baker was subjected to proceedings in which the structural errors constitute errors of such magnitude that reversal of his conviction is the only remedy. The structural errors consist of the claims set out in 1, 2, 3, and 4 above, plus an ineffective assistance of counsel claim.

DISCUSSION

Ineffective Assistance of Counsel

Although Baker claims that his Sixth Amendment right to effective assistance of counsel was violated, his motion is devoid of specific facts or argument to support this claim and his ineffective assistance of counsel claim has no merit. Baker does not even cite to Strickland v. Washington, 466 U.S. 668 (1984), which sets out the standard for ineffective assistance of counsel claims. Furthermore, Baker, who represented himself, cannot now allege that his representation was ineffective.

Baker, and not his lawyer or the State, bears the personal consequences of Baker's

4

conviction. Baker freely and voluntarily waived his right to counsel and chose to conduct his own defense.[2] Although he ultimately conducted his defense to his detriment, his choice to represent himself was honored out of "that respect for the individual which is the lifeblood of the law." Illinois v. Allen, 397 U.S. 337, 350-351 (Brennan, J., concurring).

The right of self-representation has been recognized from our beginnings by federal law and by most of the States. However, a judge may, as occurred here, over objection by the accused, appoint a "standby counsel" to aid the accused if and when the accused requests help, and to be available to represent the accused in the event that termination of the defendant's self-representation is necessary. See United States v. Dougherty, 473 F.2d 1113, 1124-1126 (C.A. D.C.1972).

The record affirmatively shows that Baker was literate, and competent.[3] The undersigned United States District Judge cautioned Baker that she thought it was a mistake not to accept the assistance of counsel, and that Baker would be required to follow all the ground rules of trial. Baker made a knowing and voluntary choice to represent himself. See Faretta v. California, 422 U.S. 806, 834-835 & n.46 (1975). The right of self-representation does not relieve a defendant from complying with relevant rules of procedural and substantive law. Thus, whatever else may or may not be open to him on appeal, a defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of effective assistance of counsel.

## Baker's Remaining Claims

---

[2] The United States Magistrate Judge conducted a Faretta v. California, 415 U.S. 975 (1974) hearing (Doc. cr-191). The United States District Judge, at the October 29, 2003, status hearing, found that Baker knowingly and voluntarily chose to represent himself. (Doc. cr-185, p. 35).

[3] The Court ordered a competency evaluation at the government's expense. (Doc. cr-119)

Baker raised the following claims on direct appeal. (See Appellant's Brief found at Baker v. United States, 2004 WL 3559275 (11th Cir. March 22, 2004)).

> (1)  The district court should have dismissed the case against him because the government failed to set forth any provision of law by which the district court had jurisdiction.  He also asserts that Congress's authority did not extend to the territorial limits of the states, and the State of Florida had not assented to federal jurisdiction over its territory.  He further argues that, as a domiciliary of Florida, the government did not have personal jurisdiction over him, and he had not committed an act within one of the defined "states" over which the federal government has jurisdiction.
>
> (2) The Fourteenth Amendment never properly was ratified; the government failed to establish a "nexus" demonstrating that the taxes in question applied to him; and there is a six-year statute of limitations for criminal prosecutions involving income tax laws.
>
> (3)  The government engaged in prosecutorial misconduct by threatening to indict his wife unless the case proceeded quickly.
>
> (4)  The district court judge was not impartial because she (1) refused to investigate his claims of prosecutorial misconduct, and (2) proceeded to trial with the knowledge that she was a party to a lawsuit in state court, in which Baker was seeking declaratory judgment against her.
>
> (5) The district court and the government privately agreed to "settle and close" the case against him.

The Eleventh Circuit resolved these claims against Baker.  Baker raised these claims in his section 2255 motion to vacate in grounds one, two, and three. Prior resolution of Baker's claims bars reconsideration of those claims. Generally, claims raised and disposed of in a previous appeal are precluded from reconsideration in a section 2255 proceeding. Davis v. United States, 417 U.S. 333 (1974); United States v. Rowan, 663 F.2d 1034, 1035 (11th Cir. 1981). Defendant Baker has not established any extraordinary circumstance that would justify reconsideration of these claims. See Schlup v. Delo, 15 S. Ct. 851 (1995); Davis v. United States, 417 U.S. 333.

A review of Baker's 2255 grounds one, two, and three reveal that they are based on the alleged threat to indict his wife if the case did not move quickly. Even if they were not barred by the prior resolution against him, the claims would not merit relief because the claims are frivolous. (See United States Brief on Direct Appeal, United States of America v. William E. Baker, Jr., 2004 WL 3559276 (11th Cir. October 15, 2004)).

## Ground Four

As to ground four, Baker has not shown that any alleged errors were structural or that any alleged "structural" error required reversal of his conviction. A "structural error" is a defect affecting the framework within which the trial proceeds, rather than simply an error in the trial process itself. United States v. Bruno, 383 F.3d 65 (2d Cir. 2004); United States v. Barnett, 398 F.3d 516 (6th Cir. 2005).

Where a constitutional error that occurs during a criminal proceeding is structural in nature, it implicates the fairness and reliability of the entire trial process, Brecht v. Abrahamson, 507 U.S. 619 (1993),[4] and is therefore so intrinsically harmful as to defy harmless error analysis, see Brecht v. Abrahamson, supra, and requires automatic reversal, without regard to its effect on the outcome. United States v. Dominguez Benitez, 542 U.S. 74 (2004). Structural defects in a criminal trial include the complete denial of counsel, a biased judge, racial discrimination in the selection of the grand jury, the denial of self-representation, the denial of a public trial, and a defective reasonable doubt instruction which would allow a finding of guilt based on a degree of proof less than that required by the due process clause. See Chapman v. California, 386 U.S. 18 (1967);

---

[4] See also, United States v. Dominguez Benitez, 542 U.S. 74 (2004).

Edwards v. Balisok, 520 U.S. 641 (1997); Bigby v. Dretke, 402 F.3d 551 (5th Cir. 2005); Ward v. Hinsley, 377 F.3d 719 (7th Cir. 2004); McKaskle v. Wiggins, 465 U.S. 168 (1984); Waller v. Georgia, 467 U.S. 39 (1984); Cage v. Louisiana, 498 U.S. 39 (1990) (disapproved of on other grounds by, Estelle v. McGuire, 502 U.S. 62 (1991)).

In sum, Baker must show that there was "a reasonable probability that, but for the error claimed, the result of the proceeding would have been different." Baker has not met this standard, and ground four does not merit relief. United States v. Bagley, 473 U.S. 667, 682 (1985).

Accordingly, the Court orders:

That Defendant's motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. cv-1; cr-207) is denied, with prejudice. The Clerk is directed to enter judgment against Baker in the civil case and to close that case.

IT IS FURTHER ORDERED that defendant is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,' " Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these

circumstances. Finally, because Defendant is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on September 1, 2006.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

AUSA: Jay G. Trezevant
Pro se: William E. Baker, Jr.